AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| CTHC HOLDINGS, LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:18-cv-00106-JM |
| FIRST CAPITAL REAL ESTATE INVESTMENTS, et al. ) | |
| *Defendant* ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*  03/17/2020  .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 10/6/20

JAMES W. McCORMACK
*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CTHC HOLDINGS, LLC**                                                                           **PLAINTIFF**

**V.**                                        **4:18CV00106 JM**

**FIRST CAPITAL REAL ESTATE**
**INVESTMENTS, LLC,**
**UNITED REALTY CAPITAL OPERATING**
**PARTNERSHIP, LP, and SUNEET SINGAL**                                **DEFENDANTS**

### DEFAULT JUDGMENT

Pending is Plaintiff CTHC Holdings, LLC's ("CTHC") Motion for Default Judgment against Defendants, a Clerk's Default having previously been entered against all Defendants (ECF No. 62). It appears that the Motion for Default Judgment (ECF No. 63) is well taken and should be GRANTED. Default judgment is entered against the Defendants as follows:

a. Count I—Fraud. Judgment against Suneet Singal in the amount of $1,200,000.00 in compensatory damages and in the amount of $1,000,000.00 in punitive damages;

b. Count II—Replevin and Count III—Breach of Contract. Judgment in the amount of $8,864,735.00 against the Defendants, jointly and severally.

A motion for costs and attorneys' fees must be filed separately and in accordance with Rule 54(d) and Local Rule 54.1. The Clerk is directed to close the case.

IT IS SO ORDERED this 17th day of March, 2020.

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

By _____ D.C.

_____
James M. Moody Jr
United States District Judge

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | | |
|---|---|---|
| CTHC HOLDINGS, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:18-cv-00106-JM |
| FIRST CAPITAL REAL ESTATE INVESTMENTS, et al. | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __04/23/2020__.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: __10/6/20__

JAMES W. McCORMACK
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CTHC HOLDINGS, LLC                                             PLAINTIFF

V.                                    4:18CV00106 JM

FIRST CAPITAL REAL ESTATE INVESTMENTS,
LLC, UNITED REALTY CAPITAL
OPERATING PARTNERSHIP, LP, and
SUNEET SINGAL                                                  DEFENDANTS

## ORDER

Plaintiff filed suit against the Defendants on December 22, 2017. After two and a half years of unsuccessful motions and hide-the-ball tactics by the Defendants[1], the Court entered a Default Judgment (ECF No. 66) against them as follows:

   a. Count I—Fraud. Judgment against Suneet Singal in the amount of $1,200,000.00 in

   compensatory damages and in the amount of $1,000,000.00 in punitive damages;

   b. Count II—Replevin and Count III—Breach of Contract. Judgment in the amount of

   $8,864,735.00 against the Defendants, jointly and severally.

Plaintiff now seeks attorneys' fees. Defendants have not responded to the motion.

"In a diversity action, state law governs the availability of attorney's fees where no conflicting federal statute or court rule applies." *Burlington Northern R. Co. v. Farmers Union Oil Co.*, 207 F.3d 526, 534 (8th Cir. 2000). Arkansas courts apply the *Chrisco* factors when considering the reasonableness of attorney's fees: (1) The experience and ability of the attorney; (2) The time and labor required to perform the service properly; (3) The amount in controversy

---

[1] This description should not be taken as a negative commentary on the representation of Defendants by former counsel, Mr. Joshua D. Brinen. The Court found Mr. Brinen to be cooperative and forthright to the extent possible.

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

By _____ D.C.

and the result obtained in the case; (4) The novelty and difficulty of the issues involved; (5) The fee customarily charged for similar services in the local area; (6) Whether the fee is fixed or contingent; (7) The time limitations imposed upon the client in the circumstances; and (8) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *All-Ways Logistics, Inc. v. USA Truck, Inc*, 583 F.3d 511, 520-21 (8th Cir. 2009) (citing *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718-19 (Ark. 1990)).

"While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000). "In addition, when a trial judge is familiar with the case and the services performed, the fixing of a fee is within the discretion of the court even in the absence of proof of the nature and extent of the attorney's services." *Hartford Acc. & Indem. Co. v. Stewart Bros. Hardware Co.*, 687 S.W.2d 128, 129 (Ark. 1985).

Plaintiff was represented by Kelly McNulty and Aaron Heffington of Gill Ragon Owen P.A. Mr. McNulty and Mr. Heffington are respected attorneys with 21 years of experience between them. The case required out-of-state depositions, a bench trial, and research and response to numerous motions. Billing records show that counsel spent 483.50 hours on the case. The case was taken on a fixed hourly basis with Mr. McNulty charging $250 per hour and Mr. Heffington charging $195 per hour. Both rates are well within the market average in Little Rock. On behalf of their client, counsel sought damages in the amount of $11,064,735 and were awarded the full amount. The case involved complex financial transactions and contractual issues, as well problematic discovery situations. Applying the *Chrisco* factors to this motion, the Court finds the attorneys' fees requested reasonable and appropriate.

The motion for attorneys' fees (ECF No. 68) is GRANTED. The Court finds that Defendants owe Plaintiff $94,301.50 in attorneys' fees.

IT IS SO ORDERED this 23rd day of April, 2020.

_____
James M. Moody Jr
United States District Judge